Case No. 17-3068 United States of America v. James Franklin Bizzell, Appellant. Ms. Rowland for the Appellant, Mr. Murray for the Appellate. Let me say in case it hasn't already been announced, Judge Randolph is here in the ether and can hear everything and can speak, but he was unable to be here physically today. Good morning. May it please the Court, Sandra Rowland on behalf of James Bizzell. I'd like to start by talking about the standard of review. The government argues that this Court should review for plain error. We disagree. Defense counsel made arguments that Mr. Bizzell would abide by conditions designed to protect his daughters, to have only supervised visits with them, and even explained why his earlier phone call with his daughter was no longer relevant in light of his proposal to have no unsupervised contact with her. I think we can agree that if defense counsel had stood up after the judge imposed the sentence and said there's no evidence that he wouldn't obey a court order to stay away from his daughters, that would have been enough. That's essentially what she did here, only before the judge imposed the sentence. Even if the Court does review... Can I just ask for a moment? Sure. The nature of the objection here is that the Court made erroneous factual findings, right? Correct. So as to that, regardless of whether there was an objection or not, we would review them for clear error. Is that right? That's correct. A clear error is an abuse of discretion, and we think that that is the standard that the Court should apply here. Even if the Court does determine that it needs to review for plain error, we don't have to show that the error likely resulted in an incorrect sentence, as the government argued in its brief. We only have to show that there is some reason to suspect that the sentence likely would have been shorter if the Court hadn't factored in a baseless assumption. Turning to the merits, the defense proposed supervised release conditions that would have addressed the district court's concerns about Mr. Bissell's contact with his daughters. The Court found that Mr. Bissell would violate those conditions and therefore needed a longer term of imprisonment. Can I pause about this? Sure. So I guess I'm reading what the Court did a little bit differently, and you can explain to me why I'm wrong. I'm looking at page 11 of your brief. So I see the point that you make, which is at page 10 of your brief, right? This is all a long quote of the transcript of the sentencing here, right? I'm sorry. I didn't hear that. I'm sorry. Pages 10 and 11 are a long quotation from the – And the point you're making arises out of page 10, the underlying material on page 10 of your brief. Yes. Right. But when the Court actually comes to explain what it's going to do, it's on the next page, in the last two paragraphs, on the next page. And I said – and he says, as I said, it's important to consider how other people have been sentenced. As I said, it's my view that this is not just a pornography case. It goes beyond that. And accordingly, I have thought long and hard about the appropriate sentence. I do think something more, that is more than the guidelines, because of the nature of the offense and because of the indication, at least based upon the written material, that he lacks an appreciation of what you did. In fact, he didn't think it a crime, that it was acceptable behavior because it was a family member. I just think an above-guidelines sentence, as I said, which is a rarity for me, is appropriate in this case. That seems to me to be the judge's explanation for why he is going above the guidelines. And that, by the way, is consistent with what he says in his written statement. I don't see where he actually rests his decision on the findings or on what you say are findings, which the government says are not findings. But regardless of whether they're erroneous or not, when he actually comes down to saying what it is he's basing his decision on, it's not that at all. It's that this is not just a pornography case and that the defendant doesn't realize that he's committed a crime. We don't argue that the findings that we take issue with were the only reason for the sentence, but that they were part of the sentence. And what the judge did was said, and again at page 10, I think what he's doing is saying, you're not going to stay away from your daughters. You're not going to abide by any condition that I impose. And we know that because of your wife's past conduct and my predictions about her future conduct and because of your phone call. And then he turns directly from that to saying, I can't see giving you a sentence below the guidelines. So I think that that connects his findings. He's making a finding that you're not going to abide by any condition to stay away from your daughters. Therefore, you are going to get a longer sentence. I know that you would violate those conditions, and I'm sentencing you in advance based on my finding that you will. But he also goes on to say that he can't be watched. Let's see. Because even though you may be required to stay away from these folk, that doesn't mean that somebody is going to be with you 24-7 to make sure that, in fact, occurs. So he's saying he has enough uncertainty based on the records showing of the family support and so forth and the phone call from jail that he has reason to believe that even on supervised release, nobody is going to be watching them 24-7. And so he's concerned enough to put this condition. Our argument is that there wasn't enough of a factual basis to say that he would violate a court order. He's never violated a court order. He's agreed to have no contact with his family, to move to a different state, to basically give up his family altogether. And there's nothing in the record to suggest that he wouldn't do that, and therefore he's deserving of, in part, that's a reason to give him a longer sentence. Isn't the telephone conversation from the jail, which I appreciate you read one way, the judge reads another, but if you were to take the judge's view, he's soliciting sex from his daughter while he's in jail. That doesn't sound like it's too much of a leap from that. This is while he's already in jail on this particular charge. It doesn't seem like too much of a leap from that to the idea that he can't be controlled. That phone call happened many, many months before the sentencing, and a lot of things happened between that phone call and the sentencing. One is that he met with two psychologists who evaluated him, and, of course, many, many meetings with defense counsel. By the time he got to sentence, I think we can appreciate, based on his attorney's representations, that he had come to understand the nature of his offense and what needed to happen going forward. Well, the judge concludes that he doesn't understand that it's a crime. Now, is that a finding that you think is clearly erroneous also? I don't think that we have to attack that finding. The findings that we're attacking are that the finding is that he would not, that Mr. Bissell would not abide by court orders, and therefore he should get a longer sentence now because he would violate the terms of supervised release. The defendant got a longer term of imprisonment, 33 months extra, based on the assumption that supervised release would not constrain him. And as we've said, we believe there's not a sufficient factual basis for that finding. Unless there are further questions for the court, we ask the court to remand the case to the district court for resentencing, and I'll reserve the remainder of my time for rebuttal. Thank you. Good morning. Good morning, Your Honors, and may it please the Court. Michael Murray for the United States. In this case, the defendant took and distributed pictures of his 14-year-old daughter and others, and while awaiting sentencing in jail, he attempted to convince that minor daughter, the very victim in this case, to become his sexual partner. Faced with these facts and others, the district court concluded that the defendant's conduct was reprehensible and expressed concern that the defendant had not changed his mindset and sentenced him above the guidelines range. That was not procedurally erroneous, and especially not plainly so contrary to the defendant's arguments. I'd like to make three quick points in response to my opponent's presentation. The first is that what the district court did here is what district courts do across the country every day. They consider the 3553A factors, in particular, A2C, which requires judges to consider whether the public needs to be protected from further crimes of the defendant. That's what the judge did here in the three pages of discussion in the transcript. Unless there be any doubt that that is not a discussion of recidivism, but is a finding that supervised release would be violated, one only needs to look to the district court judge's decision to impose a longer term of supervised release on the defendant in this case. The second point that I would like to make in response goes to Judge Garland's question. I would like to point the court to the Rock case, one of the cases cited in our brief. In that case, like in this case, there was a long discussion of recidivism by the district court. The defendant on appeal pointed to a particular comment in that discussion about recidivism statistics. The court looked at that comment in the context of the discussion, concluded that it was just a comment. It should not be construed in the manner that the defendant wanted to construe it, and did not affect the sentence. The third point I would like to make is I think the Hunter case makes clear that the standard review in this case is plain error. The district court asked on page 254 of the record whether the defendant had any objections to the sentence. The defendant chose not to object at that time, therefore did not put the district court on notice to the argument that he is making now on appeal regarding a procedural error. If there are no further questions, I would conclude simply by saying that the district court's decision should be affirmed in this case. Thank you. Thank you. I think defense counsel has some time. I think that we've addressed the government's points in our brief and in our presentation here today. Unless the court has questions, we would submit. Thank you. Thank you. We'll take the matter under submission.
judges: Garland, Henderson, Randolph